**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3234-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JESSE SIMONS, a/k/a
JESSE SIMMONS and
JESSES L. SIMMONS,

    Defendant-Appellant.

_____

Submitted March 12, 2020 – Decided June 15, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-11-3147.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael Denny, Assistant Deputy Public Defender, of counsel and on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jesse Simons appeals his conviction for fourth-degree unlawful possession of a knife, N.J.S.A. 2C:39-5(d). The jury acquitted him of the more serious charges: first-degree armed robbery, N.J.S.A. 2C:15-1(a)(2), and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). On June 1, 2018, the trial judge sentenced defendant to eighteen months state prison. Defendant raises one point of error—that the judge should have given the jury the "false in one, false in all instruction." Model Jury Charge (Criminal), "False in One-False in All" (2013). After consideration of the trial testimony and the arguments raised on appeal, we affirm.

The victim's trial testimony was confused. He said that while driving a friend home in his taxi, he stopped so that she could make a purchase in a drug store. He remained in the drug store parking lot, cleaning the interior of his vehicle. The incident occurred after dark, July 3, 2016. The victim claimed defendant approached and asked him for money, and when he offered him some, defendant insisted he wanted everything in the victim's pockets. The victim turned away to return to his cab when he felt something strike his back. He and defendant began to wrestle, and he saw defendant was holding a knife. The victim insisted he was able to hold the man's wrist away from him for forty

minutes while the two men wrestled, and described the initial blow as a "chook," meaning that he had been stabbed with a knife. He claimed his skin was impervious to knife cuts, and that it was a "family thing." The victim was unclear as to when he first saw the knife, or heard defendant open it.

The victim's friend, who also testified at trial, immediately called the police when she walked out to the parking lot and saw the two men struggling. Newark Police Officer Carlos Rivas responded to the call, and saw the fight in his headlights. The victim's friend told Rivas that one of the men had a knife. When Rivas pulled up alongside, the men separated. The victim stood where he was, while the other "crouched. He moved to the side and then he crouched near a bush. [Rivas] couldn't really see what was in his hands." Rivas could see the victim's hands "clearly." As he approached, he began to give defendant commands. Rivas observed that when instructed to lay down on the ground, defendant dropped a knife. The officer seized the weapon, which was introduced into evidence.

The judge conducted a charge conference on the record. Trial counsel did not request the "false in one false in all" instruction.

Defendant's sole point on appeal is the following:

POINT I
THE TRIAL COURT FAILED TO INSTRUCT THE
JURY ON "FALSE IN ONE, FALSE IN ALL" AFTER
THE STATE'S KEY WITNESS LIED DURING THE
TRIAL.

It is black-letter law that clear and correct jury charges are essential to a fair trial. Das v. Thani, 171 N.J. 518, 527 (2002) (citing State v. Robinson, 165 N.J. 32, 40 (2000)). Error in the jury charges are ordinarily presumed to constitute plain error under Rule 2:10-2, and are "poor candidates for rehabilitation under the harmless error philosophy." State v. Jordan, 147 N.J. 409, 422-23 (1997) (quoting State v. Simon, 79 N.J. 191, 206 (1979)). In order to prevail on appeal, however, since he did not request the charge, defendant must establish the prejudicial effect on the outcome of the trial. See R. 2:10-2; see also State v. McGuire, 419 N.J. Super. 88, 106-07 (App. Div. 2011). The claim is reviewed in the light of not only our consideration of the entire charge, but also the context of the error. State v. Baum, 224 N.J. 147, 159 (2016).

The omission was not "clearly capable of producing an unjust result." R. 2:10-2. This conclusion is supported by the fact the jury acquitted defendant of the charges that hinged on the victim's testimony, as opposed to that of the officer. The officer was thoroughly cross-examined on his ability to observe given the lighting at the scene, although no suggestion was made that he was

4

testifying to untruths. In other words, the omitted charge was not material to the conviction. And materiality is required in order for reversible error to be found in jury charges in criminal cases. See State v. Docaj, 407 N.J. Super. 352, 365-66 (App. Div. 2009).

Thus, we do not reach defendant's argument that the victim's testimony was so inherently credible that the instruction was required because he willfully testified falsely as to a material fact. See State v. D'Ippolitto, 22 N.J. 318, 324 (1956) (the charge does "not apply unless the witness willfully testified falsely to some material fact."). That the victim's testimony was confused, confusing, and contradicted itself at various points may be attributable to the fact the cross-examination extended for hours. But in any event, the testimony material to the jury's consideration of the facts was that of the officer.

In closing, trial counsel argued that it was just as believable that the victim had the knife, but lied in order to protect himself, as that defendant had the knife. If the testimony from the officer supported the point, perhaps there would be some merit to the argument on appeal. Ultimately, however, it is based on sheer speculation. The officer testified unequivocally that when he arrived on the scene the person who had the knife was defendant. The argument that the victim may have lied about defendant's possession of the knife did not carry the day at

trial and does not carry the day on appeal. It is apparent from their verdict that the jury believed only the officer, and convicted defendant accordingly.

Finally, in order for the "false in one false in all" charge to be given, a judge must have some certainty that a witness has willfully or knowingly misrepresented the facts. See State v. Young, 448 N.J. Super. 206, 228 (App. Div. 2017). False in one false in all is a maxim that should not be invoked unless a judge is convinced that a witness has deliberately attempted to mislead "in some material respect." State v. Fleckenstein, 60 N.J. Super 399, 408 (App. Div. 1960) (quoting State v. Guida, 118 N.J.L. 289, 297 (Sup. Ct. 1937)). The record does not establish that the witness attempted to mislead. Thus, there was no basis to charge false in one false in all. The victim's at-times incomprehensible testimony does not read as a product of some form of deceit.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3234-18T2